IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TIMOTHY E. OSBORNE,

    Plaintiff,

v.                                   Civil Action No. 2:07CV7

ASPLUNDH TREE EXPERT COMPANY,
a Pennsylvania Corporation

    Defendant.

---

### TIMOTHY OSBORNE AND TABATHA OSBORNE'S JOINT MOTION TO QUASH DEFENDANT'S SUBPOENA *DUCES TECUM* AND FOR PROTECTIVE ORDER

The Plaintiff, Timothy Osborne, and Tabatha Osborne move the Court, pursuant to Rules 5(b), 26(b), and 45 of the Federal Rules of Civil Procedure, to quash the Subpoena *Duces Tecum* (Subpoena) issued by counsel for the Defendant on January 27, 2009. The Subpoena is directed at Independence Blue Cross Personal Care (Independence Blue Cross), a non-party, and seeks the private, privileged medical information of Mrs. Osborne, also a non-party. As of the date of this filing, the Defendant has not provided notice of the Subpoena to Mrs. Osborne.[1]

This Court should quash the Defendant's Subpoena because it is both substantively and procedurally defective. Specifically, the Subpoena is substantively defective in that it seeks to compel the production of private, privileged medical

---

[1] Tabatha Osborne is married to the Plaintiff, Timothy Osborne. Mr. Osborne's counsel, Ms. Sikora, was provided a copy of the Subpoena, after it had been served. Ms. Sikora then contacted Mr. Osborne to inform him of the substance of the subpoena. After deliberation, on February 3, 2008, Mrs. Osborne retained Ms. Sikora to represent her in this Motion to Quash.

GIANOLA,
BARNUM, WIGAL,
& LONDON, L.C.
Attorneys at Law

(304) 291-6300

1

information of a non-party. The Defendant's attempt to unilaterally obtain this information without the consent of Mrs. Osborne, and over the objections of the Plaintiff, is inappropriate and unsupported by the Federal Rules of Civil Procedure and applicable case law. Further, the Defendant's actions in attempting to procure Mrs. Osborne's private, privileged medical information, without her knowledge, are intended to harass and annoy her by invading her privacy.

The Subpoena is procedurally defective because it does not comply with Rules 45(b)(1) and 5(b) of the Federal Rules of Civil Procedure. The Defendant did not notify Plaintiff's counsel of the issuance of the Subpoena until *after* it had been served, and has provided no notice to Mrs. Osborne, the subject of the Subpoena. The lack of appropriate notice to Mrs. Osborne and the Plaintiff is further compounded by the Defendant's pursuit of this documentation in complete disregard for the Plaintiff's objections.

Therefore, the Court should grant Mrs. Osborne's Motion to Quash the Defendant's Subpoena and enter a Protective Order prohibiting the disclosure of Mrs. Osborne's medical records or other similar documentation.

1. Defendant's Subpoena Is Substantively Defective Because It Seeks Irrelevant, Private, Privileged Medical Documentation of a Non-Party.

Mrs. Osborne, a non-party to this litigation, should be protected from the Defendant's continued attempts to obtain her irrelevant, private, privileged medical information. Rule 45(c)(3)(A) provides that "[o]n timely motion, the court by which a subpoena was issued *shall* quash or modify the subpoena if it... (iii) requires the disclosure of privileged or other protected matter and no exception or waiver applies[.]" FED. R. CIV. P. 45(c)(3)(A)[2005] (emphasis added).

2

In the instant case, the Defendant's Subpoena seeks "[a]ny bills related to treatment or care received by Tabatha R. Osborne from March 1, 2006 through May 30, 2006; Any records related to treatment or care received by Tabatha R. Osborne from March 1, 2006 through May 30, 2006; [and] Any medical records related to treatment or care received by Tabatha R. Osborne from March 1, 2006 through May 30, 2006." See Exhibit 1. Because the documentation sought by the Defendant is privileged material, and Mrs. Osborne has not waived this privilege, the Court must quash the Defendant's Subpoena. See Raddatz, *infra*.

Notwithstanding the privacy of Mrs. Osborne's medical documentation, she recognizes that this Court has the authority to "order discovery of any matter relevant to the subject matter involved[.]" FED. R. CIV. P. 26 (b)(2)[2000]; Ayers v. Continental Casualty Co., 2007 WL 1960613 (N.D. W.Va.). However, in evaluating the relevancy of the information sought, the Court must also balance the competing interests of Mrs. Osborne, a non-party, and the Defendant. Id. Here, the Court should protect Mrs. Osborne because the Defendant seeks information which is not relevant to the subject matter of the Plaintiff's employment discrimination case. Further, the disclosure of Mrs. Osborne's sensitive and highly personal medical data is an unnecessarily intrusive act. See also, Twigg v. Pilgrim's Pride Corp., 2007 WL 676208 (N.D.W.Va.) *citing* Raddatz v. Standard Register Co., 177 F.R.D. 446, 447-48 (D. Minn. 1997)(In denying Plaintiff's motion to compel employee personnel files, the Court held that production of non-party employee files required "heightened scrutiny" since "the very act of disclosing an employee's sensitive and personal data is highly, and frequently, an unnecessarily intrusive act).

Therefore, even if this Court finds that Mrs. Osborne's medical *treatment* is relevant to this litigation, the Defendant should be prohibited in its ability to access Mrs. Osborne's medical *documentation*, and restricted to less obtrusive measures. For these reasons, the Court should quash the Defendant's Subpoena because it is substantively defective, and issue a protective order which will protect Mrs. Osborne from disclosure of the requested documentation.

2. Defendant's Subpoena Is Procedurally Defective Because It Does Not Comply with Fed. R. Civ. P. 45(b)(1) and 5(b).

Defendant's Subpoena is procedurally defective because the Defendant did not give Mrs. Osborne *any* notice of the issuance of the Subpoena, and did not give the Plaintiff *prior* notice of the issuance of the Subpoena. As a result of Defendant's actions, which violate the notice requirements found in Fed. R. Civ. P. 45(b)(1) and 5(b), Mrs. Osborne and the Plaintiff have not been afforded sufficient time to object to production of this information.

Rule 45(b)(1) of the Federal Rules of Civil Procedure requires that, "*[p]rior* notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b). FED. R. CIV. P. 45(b)(1)[2005](emphasis added). The service requirements of Rule 5(b) provide that service may be made by mail to the opposing party's attorney. FED. R. CIV. P. 5 [2001]. In this matter, the Defendant has wholly failed to provide *any* notice to Mrs. Osborne, and did not to provide notice to the Plaintiff until after the Subpoena had been served.

On January 27, 2009, the Defendant issued the Subpoena to Independence Blue Cross, a non-party, seeking Mrs. Osborne's medical documentation. See Exhibit 1.

4

On January 28 or 29, 2009², the Subpoena was served upon Independence Blue Cross with a February 6, 2009 date for production of the requested materials. Id. By letter dated Friday, January 30, 2009, and received by Plaintiff's counsel on February 2, 2009, the Defendant notified the Plaintiff of the Subpoena. See Exhibit 2. At no time prior to February 2, 2009 was Mrs. Osborne or the Plaintiff aware of the Subpoena.³

Because of the Defendant's actions, Mrs. Osborne and the Plaintiff have had little opportunity to react to the Defendant's actions. In failing to comply with Rule 45(b)(1), the Defendants have deprived Mrs. Osborne and the Plaintiff of adequate time to object to the production of Mrs. Osborne's irrelevant, private, privileged medical documentation. For these reasons, the Court should quash the Defendant's Subpoena because it is procedurally defective, and issue a protective order which will protect Mrs. Osborne from disclosure of the requested documentation.

### 3. Defendant's Use of the Rule 45 Subpoena Is Improper Because the Plaintiff Previously Objected to the Production of Tabatha Osborne's Medical Documentation.

The Defendant cannot evade the Plaintiff's existing objections by doing an end-run to nonparties supposedly possessing the disputed documents. "A party may not use Rule 45, or any other discovery devise, to pursue discovery of items that are the subject of an ongoing discovery dispute that has not yet been resolved by the parties or decided by the trial court." See Keplinger v. Virginia Electric and Power Company, 208 W.Va. 11, 537 S.E.2d 632 (W.Va. 2000).

---

² Although difficult to read, the Proof of Service document appears to indicate January 28, 2009 as the date of service. However, the document was executed by the process server on January 29, 2008.

³ Tabatha Osborne is married to the Plaintiff, Timothy Osborne. Mr. Osborne's counsel, Ms. Sikora, was provided a copy of the Subpoena, after it had been served. Ms. Sikora then contacted Mr. Osborne to inform him of the substance of the subpoena. After deliberation, on February 4, 2008, Mrs. Osborne retained Ms. Sikora to represent her in this Motion to Quash.

5

In this matter, the Defendants have been aware of the Plaintiff's objections to the production of Mrs. Osborne's medical records for several weeks. Prior to December 31, 2008, and on more than one occasion, Ms. Stover verbally requested production of Mrs. Osborne's medical documentation. On December 31, 2008, by written correspondence, Ms. Stover again sought Mrs. Osborne's medical documentation. See Exhibit 3. On each occasion, and by letter dated January 6, 2009, Ms. Sikora objected to the production. See Exhibit 4. Most recently, in Plaintiff's Responses to the Defendant's Second Set of Requests for Production of Documents, the Plaintiff objected to the following:

> REQUEST NO. 4: Please provide copies of all medical and psychological records of your wife, Tabitha R. Osborne, from March 1, 2006 through June 30, 2006. Or, in the alternative, execute the attached medical records releases. The attached releases are limited in time to March 1, 2006 through June 30, 2006.
>
> RESPONSE: OBJECTION. This request seeks private, privileged health care information of a non-party which is protected by the Health Insurance Portability and Accountability Act. Further, this request goes beyond the scope of Rule 26 of the Federal Rules of Civil Procedure which allows only the discovery of information which is "not privileged." Without waiving this objection Mr. Osborne has attached a privilege log for all documents which may be responsive to this request.

See Exhibit 5. Lastly, on February 3, 2009 by letter to Independent Blue Cross, and forwarded to the Defendant's counsel, the Plaintiff and Mrs. Osborne again objected to the production of the requested information. See Exhibit 6.

By issuing the subpoena, the Defendant has failed to allow the Court to resolve this discovery dispute, as required. Instead, the Defendant has sought to circumvent the Plaintiff's timely objections, and this Court's authority by attempting to obtain the information through an inappropriate issuance of a Rule 45 subpoena. For these

6

reasons, the Court should quash the Defendant's Subpoena because it is an inappropriate use of a discovery tool.

WHEREFORE, the Plaintiff, Timothy Osborne, and Tabatha Osborne request that this Court quash the Defendant's Subpoena, and enter a Protective Order which will adequately protect Tabatha Osborne from the Defendant's attempts to obtain her irrelevant, private, privileged medical documentation, or from further harassing and annoying her by attempting to invade her privacy. Further, Timothy Osborne and Tabatha Osborne request the fees and costs necessary to bring this motion and any further remedy deemed appropriate by the Court.

TIMOTHY E. OSBORNE,
By Counsel

_____
Jacqueline L. Sikora, W. V. Bar #9486
Gianola, Barnum, Wigal & London, L. C.
1714 Mileground
Morgantown, WV  26505
(304) 291-6300

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TIMOTHY E. OSBORNE,

        **Plaintiff,**

v.                               Civil Action No. 2:07CV7

**ASPLUNDH TREE EXPERT COMPANY,**
**a Pennsylvania Corporation**

        **Defendant.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2009, I served a true copy of the "Plaintiff's Motion to Quash Defendant's Subpoena *Duces Tecum* Seeking Tabatha Osborne's Medical Records" by U. S. Mail, First Class postage prepaid, addressed to the following:

    John R. Calcott, Esq.
    Christi R. Stover, Esq.
    United Center, Suite 400
    P.O. Box 1616
    Morgantown, WV 26507-1616
    ***Counsel for Defendant Asplundh Tree Expert Company***

    Larry J. Rector, Esq.
    Steptoe & Johnson, PLLC
    P.O. Box 2190
    Clarksburg, WV 26302-8183
    ***Counsel for Defendant Asplundh Tree Expert Company***

    _____
    Jacqueline L. Sikora, W. V. Bar #9486
    Gianola, Barnum, Wigal & London, L. C.
    1714 Mileground
    Morgantown, WV 26505
    (304) 291-6300

GIANOLA,
BARNUM, WIGAL,
& LONDON, L.C.
Attorneys at Law

(304) 291-6300